**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 15, 2016

LETTER TO COUNSEL

RE:   *Ikia Chase v. Commissioner, Social Security Administration*;
      Civil No. SAG-14-2961

Dear Counsel:

On September 19, 2014, Plaintiff Ikia Chase petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 22, 23). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Chase's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Chase filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of August 31, 2009. (Tr. 187-88). Her claims were denied initially and on reconsideration. (Tr. 126-32, 138-39). A hearing was held on January 25, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 64-91). Following the hearing, the ALJ determined that Ms. Chase was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 23-42). The Appeals Council denied Ms. Chase's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Chase suffered from the severe impairments of "Crohn's Disease, colitis, osteogenesis imperfecta with history of bone fractures and open reduction and fixation (ORIF) surgery, a spine disorder, obesity, depression, bipolar disorder, and personality disorder." (Tr. 25). Despite these impairments, the ALJ determined that Ms. Chase retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the following additional limitations: pushing-pulling is limited to the light level; she cannot operate foot controls; she cannot climb ladders, ropes, or scaffolds; she can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; she cannot bilaterally handle, finger, or feel more than frequently; she cannot be exposed to excessive vibration, or to hazards (such as moving machinery or unprotected heights);

> she is mentally limited to simple, routine, and repetitive tasks, in a "low stress" job (defined as requiring no more than occasional decision making and no more than occasional changes in the work setting), with no production rate or paced work (such as would be done on an assembly line); with no interaction with the general public; and with no more than occasional interaction with co-workers, and such interaction with co-workers is limited to superficial interaction (such as brief greeting or exchange of information), and/or interaction that is incidental to the work being performed.

(Tr. 32). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Chase could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 41-42).

Ms. Chase raises two arguments on appeal. First, she argues that the ALJ erroneously assessed her RFC under the Fourth Circuit's decision in *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015), and second, that the ALJ failed to develop the medical record. Each of Ms. Chase's arguments lacks merit and is addressed below.

First, Ms. Chase argues that the ALJ's RFC assessment did not adequately account for the finding at step three that she has a moderate limitation in concentration, persistence, and pace, pursuant to the holding in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit determined remand was warranted for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. *Id.* at 638. Although a similar discrepancy appears to exist in this case, it is critically distinguishable in several respects, and *Mascio* does not require remand.

To understand why this case is distinguishable from *Mascio,* some background is necessary. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.,* pertain to mental impairments. *Id.* at § 12.00. Each listing therein consists of: (1) a brief statement describing its subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. Id. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of

decompensation. *See, e.g.,* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function." *Id.* § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social Security regulations do not define marked limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The regulations, however, offer little guidance on the meaning of "moderate" limitations in the area of concentration, persistence, or pace.

The RFC assessment is distinct, but not wholly independent, from the ALJ's application of the special technique at step three. In *Mascio*, the Fourth Circuit voiced its agreement with other circuits "that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (joining the Third, Seventh, Eighth, and Eleventh Circuits) (citation and internal quotation marks omitted). The Fourth Circuit explained that "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* In so holding, however, the Fourth Circuit noted the possibility that an ALJ could offer an explanation regarding why a claimant's moderate limitation in concentration, persistence, or pace, at step three did not translate into a limitation in the claimant's RFC assessment, such that the apparent discrepancy would not constitute reversible error.

In this case, at step three, the ALJ found that Ms. Chase has a moderate limitation in her ability to maintain concentration, persistence, or pace. In his discussion of the limitation, the ALJ explained that he found her "capable of performing simple, routine, repetitive tasks in a 'low stress' work environment as defined below and no production rate or paced work such as would be done on an assembly line, but is unable to sustain detailed or complex work processes during a normal workday and work week." (Tr. 30). In his RFC assessment, the ALJ included those limitations, specifically limiting Ms. Chase to "no production rate or paced work." (Tr. 32). While a limitation to unskilled work alone is insufficient under *Mascio*, here the ALJ included other limitations that clearly account for Ms. Chase's moderate limitation in concentration, persistence, or pace. Accordingly, I find no error warranting remand under *Mascio*.

Second, I find no error warranting remand with respect to any failure by the ALJ to develop the medical record. I note that Ms. Chase was represented by counsel throughout the Agency proceedings. Ms. Chase alleges that the ALJ should have sought to obtain medical records from the period between 2011 and the hearing in 2013. Pl. Mot. 7-8. It is the claimant's burden, through the first four steps of the sequential evaluation, to present evidence establishing disability. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir.1995). The claimant cannot shift that burden by contending that the ALJ shouldered the duty to procure additional records that were

not offered by her attorney. Moreover, Ms. Chase's attorney expressly represented to the ALJ that all of the records from the treating sources were contained in the record. (Tr. 69). Thus, the ALJ would have had no reason to believe that he needed to procure additional information to complete the record. Accordingly, the ALJ did not err.

For the reasons set forth herein, Ms. Chase's Motion for Summary Judgment (ECF No. 22) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge